[L. A. No. 8832. Department Two.—December 15, 1927.]

LOUISA F. HARRIS, Respondent, v. ELLA L. CASSELLS, Administratrix, etc., et al., Appellants.

[1] TRUSTS — PLEADING — SUFFICIENCY OF COMPLAINT.—Where a complaint alleges that a decedent was the son of the plaintiff, that at a certain time she sold property belonging to her and handed over the proceeds to the decedent for the purpose of purchasing a home for herself and other members of her family, that decedent purchased the property in question, taking title in his own name, that he invested no money of his own in the property and that he held the title thereto in trust for plaintiff, the complaint states a cause of action to enforce a trust declared by section 853 of the Civil Code.

---

(1) 39 Cyc., p. 144, n. 59.

APPEAL from a judgment of the Superior Court of Los Angeles County. Elliott Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. C. Jennings for Appellants.

---

1. Resulting trust, definition of, and when created, note, 51 Am. Dec. 751. See, also, 25 Cal. Jur. 178; 26 R. C. L. 1219, 1227.

Kemp, Partridge & Kemp for Respondent.

SHENK, J.—This is an appeal from a judgment in favor of the plaintiff in an action to have it declared that certain real property, title to which stands in the name of decedent, was held by him in trust for plaintiff and to have her title thereto quieted.

[1] The sole ground of appeal is that the complaint fails to state a cause of action. In addition to other allegations not necessary to be mentioned, the complaint alleges that the decedent was the son of the plaintiff; that in July, 1923, she sold property belonging to her in the state of Kansas and handed over the proceeds to the decedent for the purpose of purchasing a home for himself and other members of her family; that decedent purchased the property in question, taking title in his own name; that the son invested no money of his own in the property, and that he held the title thereto in trust for plaintiff. Appropriate prayer for relief followed.

We think the complaint states a cause of action to enforce a trust declared by section 853 of the Civil Code, which provides that when a transfer of real property is made to one and the consideration therefor is paid by another, a trust is presumed to result in favor of the person by whom the payment is made. On the record presented here we find no merit in the appeal.

The judgment is affirmed.

Richards, J., and Langdon, J., concurred.